IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00759-JPG-DGW |
| ) | |
| CITY OF MT. VERNON, ILLINOIS and ) | |
| MT. VERNON POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM and ORDER**

This matter comes before the Court on Defendants City of Mt. Vernon, Illinois and Mt. Vernon Police Department's Motion (Doc. 25) for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff filed a timely response[1] (Doc. 32).

I. **Background.**

The Plaintiff was on conditional release from a state felony conviction[2] when he was allegedly involved in an incident on October 12, 2013. The alleged incident resulted in a petition to revoke the conditional release. The offenses listed on the Petition to Revoke ("PTR") are aggravated discharge of a firearm on October 12, 2013; unlawful possession of a weapon by a felon on October 12, 2013; and aggravated discharge of a firearm on October 31, 2013. The Petition to Revoke was dated February 18th, 2014.

The Warrant of Arrest, also dated February 18th, 2014, lists the following offenses: PTR – Aggravated Battery; PTR – Unlawful Delivery of Controlled Substance; and PTR - Unlawful

---

[1] Plaintiff was granted additional time for a response due to his attorney withdrawing his representation of the plaintiff. Plaintiff is preceding *pro se.*
[2] The Warrant of Arrest and the Petition to Revoke Conditional Discharge list cases 09-CF-30; 09-CF-543: and 10-CF-562 In the Circuit Court of the Second Judicial Circuity, Jefferson County, Illinois.

1

Delivery of Controlled Substance. The plaintiff was arrested on February 18th, 2014[3] and was incarcerated from February 18 until February 24 when he posted $5,000.00 on a $50,000.00 bond.

As the plaintiff was leaving the jail, he made it as far as the parking lot when he was arrested again. This time the arrest was based on the charges underlining the PTR. It is noted that charging instrument for the underlining charges was filed on February 26, 2014, in Case No. 14-CF-63, In the Circuit Court of the Second judicial Circuit, Jefferson County, Illinois. According to the complaint, the plaintiff spent approximately six weeks incarcerated before posting an additional bond. All charges were dismissed "without explanation" on March 3, 2015.

Plaintiff's complaint alleges a federal violation of 42 U.S.C. § 1983 for deliberate indifference to the plaintiff's safety in violation of the Fourteenth Amendment and three state charges – abuse of process, false imprisonment, and intentional infliction of emotional distress.

Defendants' move for summary judgment on all counts arguing that, "the defendants cannot be held vicariously liable on the civil rights claims, the state law claims are barred by the applicable statute of limitations and all documentation clearly shows that Webster was validly arrested on two separate occasions for two separate charges." (Doc. 25, pg 2).

II. **Standard**.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels*

---

[3] There are inconsistency between the complaint, the plaintiff's deposition, and the documentation provided by the defendants (i.e. the complaint states that the plaintiff was arrested on October 12, 2013; his deposition testimony indicates that he does not remember the date of the arrest; and the arrest warrant shows plaintiff was arrested on February 18, 2014.) The Court is taking the date on the warrant as the date of arrest.

*Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

III. **Analysis**.

Plaintiff's entire response to the defendants' motion for summary judgment is as follows:

As I recall, The original arrest was for new charge. As soon as I posted bail, They re-arrested me on PRT based on same charges. The State's Attorney was aware that I was on conditional Discharge and could have filed a PRT at anytime, But waited until after I post bail. Which was Inappropriate and done to harass me. (Doc. 32).

That is the extent of the plaintiff's response. The Court must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, Courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th

Cir. 1990). "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

In this case, the defendants are correct that the Plaintiff is required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). As such, plaintiff's § 1983 claim cannot proceed against the City of Mt. Vernon or the Mt. Vernon Police Department.

The defendants are also correct that the Illinois Local Governmental and Governmental Employees Tort immunity Act, 745 ILCS 10/8-101(a), provides that:

> No civil action other than an action described in subsection (b)[4] may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

Plaintiff filed this case on July 15, 2015. Giving every benefit to the plaintiff, the latest date of the alleged harm would be March 3, 2014, when all the charges against the plaintiff were dismissed. Therefore, plaintiff's state law claims were filed beyond the one-year state of

---

[4] Subsection (b) related to damages for injury or death arising out patient care against any local public entity or public employee and provides for a 2 year statute of limitations.

4

limitation and are barred.

Finally, the defendants are correct that the documentation demonstrates that Webster was arrested on two separate occasions for two separate charges - once for violating his conditions of release on February 18, 2014 and the other for the firearm charges on February 24, 2014. Plaintiff continues to put forth the argument that these were the "same charges." He is correct that the firearm charges were the basis for the PTR; however, he fails to understand that these were separate charges. For example, there are actions that could violate an individual's conditions of release that are not illegal – such as associating with other felons. An individual cannot be charged with association with a known felon, but if that individual is on conditional release, his conditional release would be revoked and no additional charge would be filed. However, if the action that violates the conditional release is also an illegal action – such as aggravated discharge of a weapon or felon in possession of a weapon – then the state is permitted to bring those charges separate from the revocation of the individual's conditional release.

The Court does note that there are inconsistencies with regard to the charges on PTR and the arrest warrant. In fact, the arrest warrant appears to be based on entirely different charges than the PTR. Also, the Court notes that the plaintiff was arrested prior to the information being filed and the Court does agree with the plaintiff that if the state's attorney knew they would be pursuing the firearm charges, they could have waited and filed the PTR at the same time. However, there is no requirement that they do so and there is no evidence that it was done for the purpose of harassment.

IV.   **Conclusion**.

Therefore, for the reasons stated above, Defendants City of Mt. Vernon, Illinois and Mt. Vernon Police Department's Motion (Doc. 25) for Summary Judgment pursuant to Federal Rule

of Civil Procedure 56 is **GRANTED** and this matter is **DISMISSED** with prejudice.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  12/5/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**